J. Arbona & Hno., Appellant, *v.* Registrar of Property of San Germán, Respondent.

No. 914.    Submitted February 17, 1934.—Decided May 31, 1934.

C. *Souffront* for appellant. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the court.

J. Arbona & Hno. made a refaction contract with Francisco Billoch y Ferrer on the 6th of July, 1928. On the 11th of January 1934, the parties made a new contract wherein, as they maintain, they attempted to amplify the refaction contract previously made. The deed recites in effect that Billoch was not able to pay the $3,000 originally secured and that he had taken from J. Arbona & Hno. an additional sum of $1,405.31. In the same deed the parties go on to state that the property subject to the refaction contract should now be subject to the new one. The Registrar of San Germán denied the record in a note wherein certain matters unnecessary to transcribe are set forth, and then the registrar goes on to say:

"This denial is based on the following reasons: First, because in the original contract, the object of the amplification, the firm J. Arbona & Hno. delivered, as a refaction loan, to Francisco Billoch y Ferrer, on the 6th day of July 1928, before a notary, the sum of $3,000, an amount which was delivered to the said Billoch for the refation of the coffee *hacienda* named 'Alerta', ward of Montoso of Maricao, the said refaction debtor agreeing to pay such amount in the month of January 1929, with interest at 1 per cent monthly, which payment of principal and interest should come out of the coffee which the property should produce in the crop of 1929 (5th paragraph of original contract) and all the crops which the property should produce during the existence of the debt according to the liquidation that the creditor may make shall answer to the payment of the said amount under the loan aforesaid. Second, because without J. Arbona & Hno. having made the liquidation of the debt of $3,000 of the former contract in order to arrive at the amount that the refaction debtor ultimately owed, nevertheless, in the new contract of amplification it is stated in a definite manner a new sum of $4,405.31 as an agricultural refaction, to be paid on the month of December of 1933, with interest at 8 per cent per annum instead of 1 per cent

monthly, thus varying the terms and conditions of the original contract, and disregarding the decision of the Supreme Court appearing at volume 8, page 249, and the provisions of section 1172 of the Civil Code. Third, because while the right of free contract exists, such right does not authorize the contracting parties to go beyond the rules established by the Civil Code governing the effectiveness and validity of the same, especially as regards contracts against the laws, morals, and public policy, referred to in section 1207 of the Civil Code. In this case the amount given and received as a loan has been changed. The original contract was for $3,000, and the present one for $4,405.31. The former has not been liquidated, and the rate of interest has been changed, etc. Fourth, because according to the jurisprudence of the Supreme Court of Spain—judgment of 1867—and in accordance with Law XV, title 14, of the Fifth Partida, when a contract is entered into and is substituted by another, a novation arises; and because under a judgment of the Supreme Court of Spain of June 11, 1884, page 1050, a novation arises when the conditions of the original contract are changed and a new one is made in place of the old.''

The appellant says that the note should be reversed for the following reasons:

''(A) Because at the end of the note appealed from it appears that the fruits of the property to which the amplified contract refers are only responsible, according to the registry, for the encumbrance referred to in the amplified contract of which record has been denied, there being, consequently, no recorded rights of third persons that might be prejudiced by the record of the amplication of the contract.

''(B) Because the contract of extension and modification could not be considered in any way as being against the law, morality and public order and as all the agreements contained in it are licit, authorized by law and with the consent of the contracting parties, the registrar lacks authority to characterize the intention of the parties, or the effect of the contract, and deny the record.

''(C) Because the note of the registrar openly violates the provisions of Act No. 39, approved on the 30th of April 1927, to amend sections 6 and 7 of the law entitled 'An Act to provide for contracts of advances for agricultural purposes and grinding of cane, and for other purposes,' approved on the 10th of March 1910, thus violating paragraph 3 of the first section of Act No. 37 of March 10, 1910, with regard to contracts of advances for agricultural purposes, etc.''

The appellant then goes on to recite various acts that apply to refaction contracts and sets up in different words that there was nothing to prevent the parties from making the contract and that the various acts gave them that right. In the course of its brief the appellant says that it is practically unnecessary to cite authorities to show that the registrar is wrong, and we agree. It stands prominently to reason that the registrar has not pointed out anything which would deny the right of the parties in this case to make a change in the terms of their contract. The registrar may be right that what was done here is a novation of a contract, but to call a contract a novation is in no way to say that the parties may not make a novation if they choose, provided that third parties are not injured thereby. There is nothing in the deeds or the note transcribed which shows that anybody could have been hurt or injured by the record, unless it was the parties themselves to the contract, and they are not complaining, and probably did not think that they had any cause for complaint.

The note should be reversed and the record made.